IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA E. McNEAL,  Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:19-00602-KD-N ) |
| INTERNATIONAL PAPER,  Defendant. | ) ) ) |

**REPORT AND RECOMMENDATION**

This action is before the Court on the motion to partially dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 13) filed by the Defendant, International Paper ("IP"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/9/2020 electronic reference).[1]

The Plaintiff, Lakeshia E. McNeal, initiated this action without counsel (*pro se*). Upon review of her initial handwritten complaint (Doc. 1), the Court ordered McNeal to complete and file "the Court's complaint form for an employment discrimination action." (Doc. 3, PageID.23). McNeal timely did so (*see* Doc. 4). Her operative complaint now consists of her initial complaint (Doc. 1) and the completed form pleading (Doc. 4). (*See* Doc. 3, PageID.23).

Section 8 of the Court's form employment discrimination complaint begins with "Defendant(s) discriminated against me on account of my[,]" followed by

---

[1] Said motion was filed on March 6, 2020. On March 9, 2020, this action was reassigned to the docket of the undersigned from that of Magistrate Judge Bert W. Milling, Jr.. (*See* Doc. 16).

various forms of unlawful discrimination that a plaintiff can indicate. (Doc. 4, PageID.25). Section 8(A) lists the various forms of unlawful discrimination under Title VII of the Civil Rights Act of 1964, with a space next to each for a plaintiff to indicate whether that is a ground she is assertion. (*See id.*). Section 8(C) states as follows:

> (C) \_\_\_\_ Age
>
> Therefore, I am bringing this action pursuant to the Age Discrimination in Employment Act of 1967 specifically, 29 U.S.C. § 626.

(*Id.*). In the space next to "Age," McNeal wrote "38." (*See id.*). Interpreting this as McNeal asserting a claim under the Age Discrimination in Employment Act ("ADEA"), IP has moved to dismiss that claim under Rule 12(b)(6), correctly observing that McNeal, at age 38, cannot have a cause of action under ADEA because it only applies to individuals who are at least 40 years old. *See, e.g.*, *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("The discrimination prohibited by the ADEA is discrimination 'because of [an] individual's age,' 29 U.S.C. § 623(a)(1), though the prohibition is 'limited to individuals who are at least 40 years of age,' § 631(a). This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older.").

McNeal, through counsel who entered an appearance on her behalf on March 27, 2020 (*see* Doc. 24), filed a response to the motion stating: "McNeil [sic] wrote her age, 38, in the section of the form complaint completed by pro-se plaintiffs for

employment discrimination but did not intend to bring a separate allegation of age discrimination. As the defendant points out in their [sic] motion, McNeil [sic] could not bring an age claim as she identifies herself as being 38 years old, outside of the protected range." (Doc. 25, PageID.74).[2]  The undersigned is inclined to agree that any indication by McNeal that she intended to bring an ADEA claim was inadvertent.  Section 8(C) of the form complaint is not a model of clarity, as a *pro se* plaintiff could easily read "___ Age" as simply asking her to provide her age without actually asserting an ADEA claim.  Moreover, McNeal alleged no specific facts in her complaint in support of a claim of age discrimination, nor did she claim age discrimination in her charge submitted to the Equal Employment Opportunity Commission (*see* Doc. 1, PageID.7).

Under Federal Rule of Civil Procedure 12(f)(1), the Court may, "on its own[,]" "strike from a pleading … any redundant, immaterial, impertinent, or scandalous

---

[2] On the same day that McNeal's counsel filed a response to the motion, McNeal herself filed a *pro se* response (Doc. 26).  In reply, IP requests that the Court disregard McNeal's *pro se* response.  (See Doc. 27, PageID.78).  There are at least two grounds under which the *pro se* response can properly be disregarded without addressing its merits.  First, "[i]t is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987).  *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)).  The Local Rules of this Court generally prohibit hybrid representation, *see* S.D. Ala. General Local Rule 83.2 (with certain inapplicable exceptions, "[u]nless appearing *pro se*…, all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court."), and there are no apparent exceptional circumstances to justify allowing McNeal to continue submitting *pro se* filings while she is represented by counsel.  Second, McNeal did not sign her *pro se* response, as required by Federal Rule of Civil Procedure 11(a).  However, even if the Court were to consider its merits, McNeal's *pro se* response does not address the substantive issues raised in IP's motion and does not alter the conclusions reached herein.

matter." The undersigned will take McNeal and her counsel at their word that McNeal did not intend to bring an ADEA claim in her complaint, *see* Fed. R. Civ. P. 11(b), and will therefore recommend that the Court strike Section 8(C) of McNeal's form complaint (Doc. 4, PageID.25), which could be construed as asserting an ADEA claim, as "immaterial" under Rule 12(f)(1), rather than dismiss it on the merits under Rule 12(b)(6).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court *sua sponte* **STRIKE** Section 8(C) of McNeal's form complaint (Doc. 4, PageID.25) under Rule 12(f)(1) as immaterial, and that IP's motion to partially dismiss under Rule 12(b)(6) (Doc. 13) be therefore **DENIED** as **MOOT**.

**DONE** this the 9th day of April 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.