IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAKEISHA McNEAL,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 1:19-cv-602-KD-N |
| | ) | |
| **INTERNATIONAL PAPER,** | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on Plaintiff Lakeisha McNeal's *pro se* Notice of Appeal and Motion to Proceed *in forma pauperis* on appeal. (Docs. 65, 68, 70). For the reasons discussed below, McNeal's motion is **DENIED.**

Title 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the assessment of applications to proceed with an appeal in forma pauperis. Section 1915(a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1) and (3). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district

1

court. The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal

(2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a)(1)-(2).

Two requirements must be met before a party may be allowed to pursue an appeal *in forma pauperis*. First, that party must demonstrate, by affidavit, that he or she is financially unable to pay fees and costs. Fed. R. App. P. 24(a)(1). Second, notwithstanding a finding of economic eligibility, a party may not appeal in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

As to the first requirement, McNeal's motion (Doc. 70) sufficiently demonstrates that she is financially unable to pay fees and costs. The motion indicates McNeal is a single mother who supports one child. (Doc. 70 at 1-2). Her motion indicates she is unemployed and has been for two years; she reports no income, that she has $0 in cash bank accounts or elsewhere, and her only asset is a vehicle. (Id. at 2-3). McNeal states she receives $11 weekly for child support and receives food stamps. (Id. at 3). She notes monthly financial obligations of $850 for rent ($500), lights ($150), water and gas ($200). (Id.). Thus, it appears that McNeal's monthly financial obligations significantly outweigh her monthly income (including food stamps and child support since she is unemployed). The Court is satisfied that McNeal meets the financial eligibility requirements for *in forma pauperis* status.

Second, a party may not appeal in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Ghee v. Retailers Nat. Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (per curium) (unpublished). See also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (a "case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff 'has little or no chance of success[ ]'" meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless[ ]").

McNeal fails to state any meritorious claim for appeal. See generally (Doc. 68). Rather, McNeal complains of her attorney's performance. See generally (Id.). Accordingly, McNeal's *pro se* Motion to Proceed *in forma pauperis* is **DENIED** (Doc. 70).

**DONE** and **ORDERED** this the **17th day** of **August 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**